**INSURANCE COMPANY OF NORTH AMERICA, Libelant,**

v.

**THE S.S. EXMINSTER, her engines, boilers, etc., and American Export Lines, Inc., Respondent.**

United States District Court,
S. D. New York.
Dec. 28, 1954.

**542**

Hanrahan & Brennan, New York City, for libelant.

Haight, Deming, Gardner, Poor & Havens, New York City, for respondent.

EDELSTEIN, District Judge.

Respondent excepts to a libel alleging non-delivery of 21 tons of a 147 ton cargo of castor oil, on the ground that suit was not commenced within the one year limitation of the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1301 et seq., 46 U.S.C.A. § 1301 et seq., and a similar limitation contained in the contract. Libellant claims that the undelivered portion of the cargo was fraudulently misrepresented by the respondent to have been on board its vessel when in fact it was never aboard, the respondent having issued a negotiable bill of lading for it causing damages to the libellant who relied upon the misrepresentation. The issue presented is whether the alleged misrepresentation (the question of whether it was in fact made not being resolvable on this motion) precludes the respondent from relying on the one year limitation period.

In support of the exception, respondent cites Switzerland General Ins. Co. of Zurich v. Navigazione Libera Triestina, S.A. (The Carso), 2 Cir., 91 F.2d 960, for the proposition that a misrepresentation in the bill of lading of the amount of cargo carried does not waive the one year statute of limitations of the Carriage of Goods by Sea Act or the provision of the bill of lading. Presumably respondent reads "amount" as analogous to "condition", for a reading of the case reveals a holding that a misrepresentation of the condition of the goods did not deprive the carrier of its right to insist on the one year limitation period, although it did operate as an estoppel to prevent the owner of the vessel from invoking exceptions relieving it from claims for damage from putrefaction of the cargo of cheese. The reasoning was that the misrepresentation of condition prejudiced the libellant (an insurer subrogated to the claim of the consignee) who relied on it, and it would be unfair to permit the respondent to profit by his own misrepresentation. But the the misrepresenation bore no relation to the limitation provision, and there was consequently no reason or justice in depriving the carrier of its benefits.

Libellant argues that this case is more appropriately guided by Olivier Straw Goods Corporation v. Osaka Shosen Kaisha (The Alaska Maru), 2 Cir., 47 F.2d 878. There the bill of lading recited that merchandise which had never been put aboard was shipped in apparent good order and condition. The merchandise was in fact in a shore warehouse from which it was stolen. It was held that the breach of the contract of carriage was of so fundamental a character as to be the equivalent of a deviation which rendered all exceptions in the bill of lading a nullity. The court further said that limitations clauses did not cover a case where the cargo was not taken aboard and was lost or damaged on land, but were intended to cover only cargo actually shipped. In that case, of course, an entire shipment was involved, while in the case at bar only a part of the shipment is involved. But inasmuch as the part involved is substantial, I am persuaded that the case bears a greater analogy to The Alaska Maru, which in my opinion differs in degree, than it does to The Carso, which I feel differs in kind.

The point is certainly arguable, but I am constrained, on the authority of The Alaska Maru, to overrule the exception.